UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL CAPELLO (#129409)**<br>    **A/K/A MICHAEL WAYNE TURNER** | **CIVIL ACTION** |
| **VERSUS** | |
| **HOWARD PRINCE, WARDEN, ET AL.** | **NO. 09-0793-RET-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 6, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL CAPELLO (#129409)**  **CIVIL ACTION**
   **A/K/A MICHAEL WAYNE TURNER**

**VERSUS**

**HOWARD PRINCE, WARDEN, ET AL.**  **NO. 09-0793-RET-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, commenced this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Director of Probation and Parole Genie C. Powers, and Parole Board Chairperson Diana P. Simon, apparently complaining of his present confinement based upon an alleged wrongful parole revocation in July, 2007. He prays for an immediate "release" from such confinement.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Upon initial review, this Court must first determine whether the petitioner's claim is one which is properly pursued under 42 U.S.C. § 1983 or whether it is one which must be brought

initially as a habeas corpus proceeding.  This determination is made by focusing on the scope of relief actually sought by the petitioner.  Serio v. Members of the Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987).  In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement, and seeking an immediate or earlier release from that confinement, must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. In the instant case, the plaintiff contends that the defendants have violated his constitutional rights by maintaining him in confinement after an alleged wrongful parole revocation proceeding in July, 2007.  Inasmuch as he prays for an immediate release from such confinement, it is clear that the plaintiff's claim is one challenging the fact or duration of his confinement and that he must, therefore, pursue his claim through habeas corpus channels.  Accordingly, the plaintiff's Complaint, brought as a civil rights action under 42 U.S.C. § 1983, is subject to dismissal for this reason.[1]

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, without prejudice to any rights he may have to pursue habeas corpus relief in a separate proceeding.

Signed in Baton Rouge, Louisiana, on October 6, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] A review of the records of this Court reflects that the plaintiff has previously filed a habeas corpus application in this Court, which application has been dismissed.  See Michael Wayne Turner v. Cornel Hubert, et al., Civil Action No. 07-0794-C-M2.